IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1776-RP |
| | § | |
| OFFICER DELIA C. LUNA, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Sheriff Kevin Rambosk's ("Rambosk") Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, (Dkt. 4), and Defendants Officer Delia C. Luna ("Luna") and Naples Police Chief Ciro M. Dominguez's ("Dominguez") (all together, "Defendants") Motion to Dismiss Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, (Dkt. 6). On March 9, 2026, the Court ordered Plaintiff Michael James Ross ("Plaintiff"), who is proceeding *pro se*, to show cause for his failure to timely respond. (Order, Dkt. 7). On March 30, 2026, Plaintiff filed a "Reply Affidavit," opposing the two motions to dismiss. (Reply Aff., Dkt. 9). Having reviewed the briefing, the record, and the relevant case law, the Court finds that it lacks personal jurisdiction over Defendants and will transfer the case to the Middle District of Florida.

## I. BACKGROUND

Plaintiff pleads that on January 14, 2024, he was "illegally arrested" in Naples, Florida. (Compl., Dkt. 1, at 7). According to Plaintiff, he was arrested after the officers "claimed [he] was a convicted felon with an air rifle in his vehicle." (*Id.*). Plaintiff asserts that he "was never a felon," which caused him to "spend multiple days illegally detained." (*Id.*). He claims that these actions were a violation of his rights under the Second, Fourth, and Eight Amendments. (*Id.*). Plaintiff also pleads

that the "authorities then falsified [v]ideo evidence, audio evidence and physical evidence in order to cover-up for their mistakes." (*Id.*). Plaintiff was charged with various crimes related to marijuana. (Offense/Incident Report, Dkt. 1-4, at 13). He asserts that the "authorities refused to admit [their] mistake for many months and let an illegal trial continue." (*Id.* at 10).

Rambosk now seeks to dismiss this case for lack of personal jurisdiction and failure to state a claim, and Luna and Dominguez seek to dismiss this case for lack of personal jurisdiction. (Mots. to Dismiss, Dkts. 4, 6).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(2)

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

**B. Motion to Dismiss Under Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to

dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

**III. DISCUSSION**

**A. Rambosk's Motion to Dismiss**

The Court first addresses Rambosk's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (courts should address jurisdictional attacks before addressing the merits of a case through a 12(b)(6) analysis). Rambosk asserts that "Plaintiff's claims arise solely from events that allegedly occurred in the State of Florida, including Plaintiff's arrest by Florida law-enforcement officers on or about January 14, 2024, and the subsequent criminal prosecution of Plaintiff in Florida state court." (Rambosk Mot. to Dismiss, Dkt. 4, at 2). He further contends that he "has not had any contacts with the State of Texas relating to Plaintiff," such that he "lacks the minimum contacts with Texas required by the Due Process Clause of the Fourteenth Amendment" for specific personal jurisdiction and "does not have the requisite number or quality of contacts with Texas to support the U.S. District Court for the Western District of Texas's exercise of general jurisdiction." (*Id.* at 2, 4–5). Rambosk also points out that, given this case is filed against him in his official capacity, "[t]here is no evidence whatsoever that the County of Collier, especially its [Sheriff's] Office, has sufficient minimum contacts with Texas to allow Plaintiff's lawsuit to be filed in [] Texas." (*Id.* at 5). Plaintiff argues in response that "[t]he parent[s] of Sandy Hook in New Jersey were able to file a lawsuit against Alex Jones who lives in Texas," such that he should be able to file a lawsuit here as well. (Reply Aff., Dkt. 9, at 4).

The Court finds that it does not have personal jurisdiction over Rambosk. It is Plaintiff's burden to show that it has jurisdiction over Defendants, who are non-residents of Texas. *Stuart*, 772

F.2d at 1192. There are no allegations in the Complaint, arguments made in Plaintiff's Reply Affidavit, or any other evidence in the record supporting that Rambosk has minimum contacts with Texas and that Plaintiff's cause of action arises out of or results from those minimum contacts with Texas. *See Walk Haydel & Associates, Inc.*, 517 F.3d at 243 (quoting *Panda Brandywine Corp.*, 253 F.3d at 868) ("Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"). Nor does Plaintiff meet his burden to show general jurisdiction over Rambosk, i.e. "'continuous and systematic' contacts with [Texas] unrelated to the pending litigation." *See Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001).

Plaintiff's argument regarding the ability of individuals to sue Alex Jones in Texas court fails. Texas courts have personal jurisdiction over Texas resident defendants, regardless of where the events at issue occurred.[1] *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) (explaining that the "residency of a defendant in the forum state routinely creates such systematic and continuous contact" for general personal jurisdiction). The fact that *Plaintiff* is a Texas resident does not give this Court personal jurisdiction over Florida residents, such as Defendants. Accordingly, this Court does not have personal jurisdiction over Rambosk. The Court will not reach Rambosk's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**B. Luna and Dominguez's Motion to Dismiss**

Luna and Dominguez also move for this case to be dismissed for lack of personal jurisdiction. (Luna & Dominguez Mot. to Dismiss, Dkt. 6). The Court reiterates the same analysis as in Section III(A), *supra*. There are no allegations in Plaintiff's Complaint, nor is there any evidence in

[1] Plaintiff states in his Reply Affidavit that Alex Jones lives in Texas. (Reply Aff., Dkt. 9, at 4). Assuming that fact is true, Texas courts would have personal jurisdiction over Alex Jones as a Texas resident. Defendants in this case are not Texas residents.

the record, supporting either general or specific jurisdiction over Luna or Dominguez. Accordingly, for the same reasons given for the Court not having personal jurisdiction over Rambosk, Plaintiff has not met his burden to show this Court has personal jurisdiction over Luna and Dominguez.

**C. Motion to Transfer**

Plaintiff states in his Reply Affidavit he "would like this case transferred over to Naples, Florida," if "the Texas Courts cannot grant [him] justice." (Reply Aff., Dkt. 9). Luna and Dominguez contend in their reply that "[h]is one-sentence request fails to recite or engage with the Fifth Circuit's factors required for a § 1404 or § 1406 transfer motion, including a burden of proof to demonstrate good cause." (Reply, Dkt. 11). They note that this Court's Local Rules "require that all motions and response briefs state the legal grounds and legal authority for any relief requested or opposed," such that his purported motion to transfer violates Local Rule CV-7.

If venue does not lie within a judicial district, a court "shall dismiss, or if it be in the interest of justice, transfer" the case to the proper district. 28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962). A court may transfer a case under § 1406 even where that court lacks personal jurisdiction itself. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "As a general principle, courts prefer transfer to dismissal." *Santander Consumer USA, Inc. v. Sandy Sansing Nissan, Inc.*, No. 3:21-CV-2471-L, 2022 WL 2124452, at *10 (N.D. Tex. May 13, 2022), *report and recommendation adopted*, No. 3:21-CV-2471-L, 2022 WL 2118973 (N.D. Tex. June 13, 2022).

Here, in light of Plaintiff's *pro se* status, the Court will not fault him for his failure to cite case law or statutes in support of his motion to transfer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). In this case, the Court finds that it is more appropriate to transfer this case to an

appropriate court rather than outright dismiss the case. Accordingly, in the interest of justice, the Court will transfer this case to the Middle District of Florida, where Naples, Florida is located.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that this case is **TRANFERRED** to the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. § 1406(a).

**SIGNED** on July 15, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE